## Mt. Sterling National Bank v. Duff, et al.

(Decided October 24, 1911.)

Appeal from Montgomery Circuit Court.

Deeds—Conveyance to Grand-children—Life Estate to Son—Liability to Creditors.—Under a deed by which a grandfather conveyed property to his son's children, stipulating that the son was to have full control of the land during his life time, for the purpose of raising, educating and maintaining his family, the son taking no interest in the land which may be sold under execution; but if there should be a surplus of the income of the land over and above what is necessary for raising, educating and maintaining the family, this may be subjected by a creditor of the son by a proceeding in equity.

CHARLES D. GRUBBS for appellant.

C. F. THOMAS, JOHN A. JUDY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The Mt. Sterling National Bank had a debt against Henry S. Duff on which it obtained a judgment and had an execution issued and levied on 136 acres of land as his property. At the sheriff's sale it bought the property for the debt, and the land not having been redeemed it obtained a sheriff's deed therefor. It then entered a motion for a writ of possession for the land. In this proceeding the infant children of Henry S. Duff filed their petition which was taken as their answer, in wihch they alleged that their father had no title to the land, and that all the income arising from it was necessary for the purpose of raising, educating and maintaining the family. They filed with their petition a copy of the deed under which the land was held. The bank demurred to the answer; its demurrer was overruled and the court entered a judgment that Henry S. Duff had no interest in the land which could be sold or subjected to his debts. The proceeding of the bank having been dismissed, it appeals.

The case turns on the proper construction of the deed referred to, which is in these words:

"This deed of conveyance made and entered into this 21st day of June, 1898, between S. A. Duff and his wife, Sallie A. Duff, of Montgomery County, Kentucky, parties of the first part, and Henry S. Duff and his legal heirs, of Montgomery County, Kentucky, parties of the second part, witnesseth:

"That the parties of the first part for and in consideration of the love and affection they hold and have for their son, Henry S. Duff, and for his children and the further consideration and understanding that Henry S. Duff receive the land hereinafter conveyed as his legal part of my estate, that he make no further claim against my estate at my death * * * do hereby sell and convey and transfer to the legal heirs of Henry S. Duff the following two tracts of land described as follows: Here follows description.)

"Said Henry S. Duff is to have full control of said land during his lifetime for the purpose of raising, educating and maintaining his family, but he is not permitted to sell or mortgage or in any way incumber or transfer his life interest in said land and at his death, should his wife, Lula Duff, survive him, she is to have for her use and benefit during her lifetime or until she marries again or changes her name from Lula Duff, equal shares with the heirs of Henry S. Duff in the land conveyed with the understanding that she is not permitted to sell, mortgage or transfer or incumber in any way any interest she might have under the above clause of this deed.

The parties of the first part hereby covenant with the parties of the second part that they will warrant the title to the property hereby conveyed unto the second parties their heirs and assigns forever.

"In witness whereof the parties of the first part have hereunto subscribed their names the day and the year aforesaid.

"S. A. DUFF,<br>"SALLIE A. DUFF."

It will be observed that in the caption of the deed, Henry S. Duff and his legal heirs are named as the parties of the second part. But in the granting clause the property is conveyed to the legal heirs of Henry S. Duff; then after a description of the property, the deed sets out that Henry S. Duff is to have full control of the

land during his lifetime for the purpose of "raising, educating and maintaining his family," but he is not permitted to sell or mortgage or in any manner encumber or transfer his life interest, and at his death, if his wife, Lula Duff, survives him, she is to have for use and benefit during her lifetime or widowhood equal share with the heirs of Henry S. Duff in the land with the understanding that she is not permitted to sell, mortgage, transfer or encumber in any way any interest she may have therein. From the deed as a whole it is manifest that the words "legal heirs" or "heirs" are used in the sense of children; that the land is conveyed to the children of Henry S. Duff; but it is provided that he is to have full control of the land during his lifetime for the purpose of raising, educating and maintaining the family; but without power to sell it or encumber it in any way; and that his wife after his death, during her lifetime or widowhood, is to have an equal share with the children. The deed was made by his father and mother and as a gift. The plain purpose of the grantors was to provide for the raising, educating and maintaining of the family. He is given no interest in the land except the power to control it during his lifetime for the purpose of raising, educating and maintaining the family, and so it is provided that he is not to sell or encumber it in any way. The words "his life interest" in this clause of the deed refer to the preceding part of the sentence where it is provided that he is to have full control of the land during his lifetime, and were not intended to change the meaning of the previous words. By the deed he has control of the land as trustee for the purpose of raising, educating and maintaining the family, and no other interest in the land is vested in him by the deed. The children were infants when the deed was made and several of them are yet infants. The object of the deed was to provide for the raising, educating and maintaining of these infant grandchildren, and to protect them from the improvidence of their father or of their mother after his death. In Rudd v. Hagin, 9 R., 465, a tract of land was devised to the testator's son James, for the use and benefit and the support and maintenance of himself, wife and children during his life. Construing this will the court held that the devise was to the son, vesting him with an absolute interest in the profits of the estate in conjunction with his children; that the estate of the children

could not be taken to pay their father's debts, but that if there was anything coming to the father, this might be subjected by a proceeding in equity. A similar ruling was made in O'Riley v. McKiernan, 11 R., 931. In this case no express provision is made for the maintenance of the son. The purpose of the deed is to provide primarily for the family of the son, and so long as the income of the estate is no greater than is required for this purpose there is nothing which a creditor of his can subject. It is alleged in the intervening petition that all the income arising from the land is necessary for the purpose indicated in the deed, and this being admitted by the demurrer, there is nothing which a creditor may subject.

Section 1691, Kentucky Statutes, which is a part of the statute regulating this proceeding, provides:

"If it appears in the proceedings aforesaid that the title of the defendant in the execution to the land sold was only equitable, or the land encumbered by mortgage or lien, the court shall, if the purchaser require it, subject the land to the payment of the debt of the execution creditor in the same manner it would do if there was a return of no property found, and may cause such pleadings to be filed and parties brought before the court as may be necessary to a final equitable judgment in respect to the rights of all parties interested."

It is insisted that the court should not have dismissed the proceeding but should have subjected the defendant's equitable interest in the property. The bank filed no pleading showing that there was a surplus of income arising from the land over and above what was necessary for the raising, educating and maintaining of the family; and there being nothing to show this, the court properly held that upon the showing made, Henry Duff had no interest in the land which could be sold or subjected to his debts. If at any time the income arising from the land is not all needed for the purpose of raising, educating and maintaining the family, the bank may by a proper proceeding in equity subject the surplus to its debt; for Henry S. Duff is a member of the family, but he has no interest which may be subjected so long as all the income is needed for the raising, educating and maintaining of the wife and children, as it was the clear purpose of the grantors to provide first for them so long as the children are members of the family and the wife does not

marry a second time. (Hacket v. Hacket, 118 S. W., 377.)

The law allows a housekeeper with a family certain exemptions, but it makes all his other property subject to his debts. Numerous efforts have been made to evade the statute and vest a beneficial interest in one to property; and yet so arrange it as to be free from the reach of his creditors. All these efforts must fail. The statute can not be evaded. The property of the debtor may be subjected to his debts, but only his property; when others are provided for, their rights must be respected. (Tally v. Ferguson, 17 L. R. A., N. S., 1216, and notes.)

Judgment affirmed.